Baltazar SOSA, Phu Chan Hoang, Thanh Quoc Nguyen, and Pham Qua Trung, Petitioners–Appellees,

v.

Joseph R. GREENE, District Director, United States Immigration and Naturalization Service, Denver, Colorado, Respondent–Appellant.

Citizens and Immigrants for Equal Justice, Amicus Curiae.

Nos. 00–1339, 01–1136, 01–1180 and 01–1343.

United States Court of Appeals, Tenth Circuit.

June 20, 2003.

not part of the record on appeal.

3. We also DENY Petitioner's pending motion for appointment of counsel.

* The Honorable Wayne E. Alley, United States District Court for the Western District of Oklahoma, sitting by designation.

Jim Salvator, Lafayette, CO, Judy Rabinovitz, American Civil Liberties Union Foundation, New York, NY, Liliana M. Garces, ACLU, Oakland, CA, for Petitioners–Appellees.

Michael E. Hegarty, Mark S. Pestal, Asst. U.S. Attorney, Office of the United States Attorney, Denver, CO, Emily A. Radford, United States Department of Justice, and Michelle E. Gorden, Office of Immigration Litigation, Washington, DC, for Respondents–Appellants.

Before BRISCOE, BALDOCK, Circuit Judges, and ALLEY, District Judge.*

## ORDER AND JUDGMENT**

BRISCOE, Circuit Judge.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The United States Immigration and Naturalization Service (INS) appealed the district court's rulings that § 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c), (INA) was unconstitutional as violative of both substantive and procedural due process. On appeal, we affirmed the district court's rulings. Relying heavily upon *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), we concluded "that the government has failed to show special justifications for the mandatory detention provision contained in § 236(c) which are sufficient to outweigh a lawful permanent resident alien's constitutionally protected liberty interest in avoiding physical restraint without an individualized determination of flight risk or danger to the public." *Hoang v. Comfort,* 282 F.3d 1247, 1260 (10th Cir.2002). The United States Supreme Court granted a writ of certiorari, vacated our judgments, and remanded the matters to us for further consideration in light of *Demore v. Kim,* — U.S. —, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).

In *Demore,* the Supreme Court reviewed *Kim v. Ziglar,* 276 F.3d 523 (9th Cir.2002) (which held § 236(c) violated substantive due process as applied to Kim because INS "has not provided a 'special justification' for no-bail civil detention sufficient to overcome a lawful permanent resident alien's liberty interest on an individualized determination of flight risk and dangerousness" (276 F.3d at 535)). The *Demore* Court, distinguishing its opinion in *Zadvydas,* held "that Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as [Kim] be detained for the brief period necessary for their removal proceedings." 123 S.Ct. at 1712. The Court concluded that "[d]etention [of criminal aliens] during removal proceedings is a constitutionally permissible part of that process." *Id.* at 1721–22.

Nothing in the facts of the cases before us on remand warrants our departure from the *Demore* holding. We REVERSE the district court's rulings that § 236(c) of the INA is unconstitutional as violative of both substantive and procedural due process, and REMAND to the district court for further proceedings.